IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 2 5 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

LAURA SCALLY, )
)
Plaintiff, )
) 04 C 3035
v. ) Judge Zagel
) Magistrate Judge Ashman
HILCO RECEIVABLES, LLC; )
LAKE COOK PARTNERS, LLC; and )
M.R.S. ASSOCIATES, INC., )
)
Defendant. )

DOCKETED
JUL 06 2004

## NOTICE OF MOTION

To:  David M. Schultz
Michael P. Smith
**Hinshaw & Culbertson, LLP**
222 North LaSalle Street
Suite 300
Chicago, IL 60601

   **PLEASE TAKE NOTICE** that on Thursday July 1, 2004 at 10:15 a.m., we will appear before the Honorable Judge James B. Zagel in Room 2503 of the United States District Court for the Northern District of Illinois, and present: **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**, which is hereby attached and served upon you.

Thomas E. Soule

Daniel A. Edelman
James O. Latturner
Cathleen M. Combs
Thomas E. Soule
EDELMAN, COMBS & Latturner LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

16

## CERTIFICATE OF SERVICE

I, Thomas E. Soule, on June 25, 2004, I caused a true and accurate copy of this document and the document referred to herein to be served via United States Mail upon the party listed above.

Thomas E. Soule

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 2 5 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
JUL 06 2004

| | |
|---|---|
| LAURA SCALLY, | ) |
| Plaintiff, | ) |
| v. | ) 04 C 3035 |
| | ) Judge Zagel |
| | ) Magistrate Judge Ashman |
| HILCO RECEIVABLES, LLC; | ) |
| LAKE COOK PARTNERS, LLC; and | ) |
| M.R.S. ASSOCIATES, INC., | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendants Hilco Receivables, LLC ("Hilco'); Lake Cook Partners, LLC ("LCP'); and M.R.S. Associates, Inc. ("MRS').

Plaintiff seeks certification of the following classes:

**Hilco/ LCP class:** The Hilco class consists of all natural persons who satisfy the following criteria:

    a.    Hilco and/or LCP owned their alleged credit card debt;

    b.    A letter was sent to the person which (i) stated a balance due, (ii) did not state the date as of which the balance was stated, (iii) stated that the debt was accruing interest as provided for in the debtor's agreement with the original credit grantor, (iv) demanded payment of a "contractual obligation," and (v) did not contain the "safe harbor" language specified in Chuway v. National Action Financial Services, 362 F.3d 944 (7th Cir. 2004).

1

16

c. The letter was sent on or after April 28, 2003 and before May 18, 2004.

**MRS class:** All natural persons who satisfy the following criteria:

a. Their alleged credit card debt was owned by someone other than Sherman Financial Group or a subsidiary;

b. A letter was sent to the person which (i) stated a balance due, (ii) did not state the date as of which the balance was stated, (iii) stated that the debt was accruing interest as provided for in the debtor's agreement with the original credit grantor, (iv) demanded payment of a "contractual obligation," and (v) did not contain the "safe harbor" language specified in Chuway v. National Action Financial Services, 362 F.3d 944 (7th Cir. 2004).

c. The letter was sent on or after April 28, 2003 and before May 18, 2004.

Plaintiff further requests that Edelman, Combs & Latturner, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

## NATURE OF THE CASE

1. This action complains of a confusing form initial collection letter sent by MRS on behalf of Hilco and/or LCP (Exhibit A). MRS is a collection agency. Hilco and LCP purchase bad debts for pennies on the dollar, and attempt to collect them.

2. 15 U.S.C. §1692g(a) provides:

**§ 1692g.** **Validation of debts [Section 809 of P.L.]**

**Notice of debt; contents**

2

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .

3. <u>Exhibit A</u> is confusing and unclear as to who owns the debt. The text says LCP purchased the debt. The top of the letter indicates that Hilco owns the debt. The relationship of the two entities is not stated.

4. <u>Exhibit A</u> is also confusing and unclear as to the amount of the debt. It gives an "account balance", but states that "interest may accrue on unpaid balances" and that LCP "has advised us that interest will continue to accrue on your account as provided for in your agreement with the original credit grantor." It then demands that the recipient "honor your contractual obligation" by "satisfying the debt . . . ."

5. The implication of the statement that interest is continuing to accrue is that

3

the balance stated is <u>not</u> what must be paid to "honor your contractual obligation" or "satisfy[] the debt."

6. "The statute does not say in so many words that the disclosures required by it must be made in a nonconfusing manner. But the courts, our own included, have held, plausibly enough, that it is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997)

7. Because the information required by 15 U.S.C. §1692g is not provided in a clear manner, the letter violates both §§1692e and 1692g. Chuway v. National Action Financial Services, 362 F.3d 944 (7th Cir. 2004).

**CLASS CERTIFICATION REQUIREMENTS**

8. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

9. Each class is so numerous that joinder of all members is impractical. This action complains of a standard form sent by a large collection agency (Exhibit B) on behalf of a substantial bad debt buyer (Exhibit C). Hilco states on its Web site (Exhibit C) that it has purchased over $2 billion in bad debts.

10. Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

11. There are questions of law and fact common to the class members, which questions predominate over any questions affecting only individual class members. The primary

4

question is whether MRS' collection letter clearly and understandably discloses the identity of the creditor and the amount of the debt.

13. The only individual issue is the identification of the consumers who received the offending collection letters, a matter capable of ministerial determination from defendants' records.

14. Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories.

15. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. (<u>Exhibit D</u>)

16. A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

    a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

    b. Consumers are unlikely to recognize the violation.

    c. A class action is necessary to determine that defendants' conduct is a violation of law and bring about its cessation.

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

_____
Daniel A. Edelman

5

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

J:\CASE\mrs-scally11.915\PLEADING\CLSMOT.WPD

**FILED**
**JUN 2 5 2004**
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA SCALLY, | ) |
| Plaintiff, | ) |
| v. | ) 04 C 3035 |
| | ) Judge Zagel |
| | ) Magistrate Judge Ashman |
| HILCO RECEIVABLES, LLC; | ) |
| LAKE COOK PARTNERS, LLC; and | ) |
| M.R.S. ASSOCIATES, INC., | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff has requested that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendants Hilco Receivables, LLC ("Hilco'"); Lake Cook Partners, LLC ("LCP'"); and M.R.S. Associates, Inc. ("MRS'"). This memorandum is submitted in support of that motion.

## I. NATURE OF THE CASE

Plaintiff complains of a confusing and misleading form initial collection letter sent by MRS on behalf of Hilco and/or LCP (Exhibit A). Hilco, LCP and MRS are debt collectors. Hilco and LCP purchase bad debts for pennies on the dollar, and attempt to collect them through collection letters sent out by MRS.

The letter received from defendant MRS by plaintiff, attached to the motion for class certification as Exhibit A, is confusing and unclear as to who owns the debt, originally owned by MBNA Bank. The top of Exhibit A indicates that defendant Hilco owns the debt, but the body of the letter states that "Lake Cook Partners, LLC has purchased the above reference account from the above referenced creditor." The relationship between defendants Hilco and LCP is not stated.

Exhibit A is also confusing and unclear as to the amount of the debt. It gives an "account balance", but states that "interest may accrue on unpaid balances" and that LCP "has advised us that interest will continue to accrue on your account as provided for in your agreement

1

with the original credit grantor." It then demands that the recipient "honor your contractual obligation" by "satisfying the debt . . . ." The implication of the statement that interest is continuing to accrue is that the balance stated is <u>not</u> what must be paid to "honor your contractual obligation" or "satisfy[] the debt."

The validation notice provision of the FDCPA, 15 U.S.C. §1692g(a), provides:

> **§ 1692g.     Validation of debts [Section 809 of P.L.]**
>
> **Notice of debt; contents**
>
> **(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
> **(1)     the amount of the debt;**
>
> **(2)     the name of the creditor to whom the debt is owed;**
>
> **(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
> **(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

Because the information required by 15 U.S.C. §1692g is not provided in a clear manner, the letter violates both §§1692e and 1692g. <u>Chuway v. National Action Financial Services</u>, 362 F.3d 944 (7th Cir. 2004).

## II.     THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors". 15 U.S.C. §1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. <u>Mace v. Van Ru Credit Corp.</u>, 109 F.3d

2

338 (7th Cir. 1997); Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

> In enacting the FDCPA, Congress recognized the --
>
> **universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic]. . . . [T]he vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.**

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 USCCAN 1695, 1697.

The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." Avila v. Rubin, 84 F.3d 222, 227 (7th Cir. 1996); Gammon v. GC Services, LP, 27 F.3d 1254. 1257(7th Cir. 1994). Even the "naive and credulous" are entitled to protection. Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). The standard is an objective one -- whether the plaintiff or any class member was misled is not an element of a cause of action. Bartlett v. Heibl, 128 F.3d 497, 499 (7th Cir. 1997). "The question is not whether these plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." Beattie v. D.M. Collections, Inc., 754 F.Supp. 383, 392 (D.Del. 1991).

Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. Cirkot v. Diversified Fin. Services, Inc., 839 F.Supp. 941 (D. Conn. 1993).

> **The [Consumer Credit Protection] Act is remedial in nature, designed to remedy what Congressional hearings revealed to be unscrupulous and predatory creditor practices throughout the nation. Since the statute is remedial in nature, its terms must be construed in liberal fashion if the**

**underlying Congressional purpose is to be effectuated.**

N.C. Freed Co. v. Board of Governors, 473 F.2d 1210, 1214 (2d Cir. 1973).

Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. Baker, 677 F.2d at 780-1; Woolfolk v. Van Ru Credit Corp., 783 F. Supp. 724, 727 and n. 3 (D. Conn. 1990); Cacace v. Lucas, 775 F. Supp. 502 (D. Conn. 1990); Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 177 (W.D.N.Y. 1988); Kuhn v. Account Control Technol., 865 F. Supp. 1443, 1450 (D.Nev. 1994); In re Scrimpsher, 17 B.R. 999, 1016-7 (Bankr.N.D.N.Y. 1982); In re Littles, 90 B.R. 669, 680 (Bankr. E.D.Pa. 1988), aff'd as modified sub nom. Crossley v. Lieberman, 90 B.R. 682 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989).

The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. Baker, 677 F.2d at 780; Whatley v. Universal Collection Bureau, 525 F. Supp. 1204, 1206 (N.D.Ga. 1981). "Congress intended the Act to be enforced primarily by consumers . . . ." FTC v. Shaffner, 626 F.2d 32, 35 (7th Cir. 1980). "Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them . . . ." Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989).

Plaintiff need not prove intent, bad faith or negligence in an FDCPA case. The "FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary judgment for the plaintiff." Cacace v. Lucas, 775 F. Supp. at 505.

## III. STANDARD FOR CLASS CERTIFICATION

Class actions are essential to enforce laws protecting consumers. As the court stated in Eshaghi v. Hanley Dawson Cadillac Co., 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

> **In a large and impersonal society, class actions are often the last barricade of consumer protection. . . . To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action -- private suits or governmental actions -- have been so often found wanting in controlling consumer frauds that not even the**

4

> **ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer.**
> (574 N.E.2d at 764, 766)

Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. As a result, numerous FDCPA class actions have been certified. Shea v. Codilis, 99 C 57, 2000 WL 336537, 2000 U.S. Dist. LEXIS 4131 (N.D. Ill. Mar. 27, 2000); Roe v. Publishers Clearing House, 98 C 330, 1999 WL 966977, 1999 U.S. Dist. LEXIS 16249 (N.D. Ill. Sept. 30, 1999); Vines v. Sands, 188 F.R.D. 302 (N.D. Ill. 1999); Nielsen v. Dickerson, 98 C 5909, 1999 WL 350694, 1999 U.S. Dist. LEXIS 8334 (N.D. Ill. May 19, 1999); Sledge v. Sands,182 F.R.D. 255 (N.D. Ill. 1998); Shaver v. Trauner, C.A. 97-1309, 1998 U.S. Dist. LEXIS 19648 (C.D. Ill. July 31, 1998); Davis v. Suran, 98 C 656, 1998 WL 474105, 1998 U.S. Dist. LEXIS 12233 (N.D. Ill. July 31, 1998); Francisco v. Doctors & Merchants Credit Service, Inc., 98 C 716, 1998 WL 474107, 1998 U.S. Dist. LEXIS 12234 (N.D. Ill., July 29, 1998);Keele v. Wexler & Wexler, 95 C 3483, 1996 WL 124452, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill., March 18, 1996), aff'd, 149 F.3d 589 (7th Cir. 1998); Wells v. McDonough, 97 C 3288, 1998 WL 160876, 1998 U.S. Dist. LEXIS 4441 (N.D. Ill. Mar. 23, 1998); Miller v. Wexler & Wexler, 97 C 6593, 1998 WL 60798, 1998 U.S. Dist. LEXIS 1382 (N.D. Ill. Feb. 5, 1998); Wilborn v. Dun & Bradstreet, 180 F.R.D. 347 (N.D. Ill. 1998); Arango v. GC Services LP, 97 C 7912, 1998 WL 325257, 1998 U.S. Dist. LEXIS 9124 (N.D. Ill. 1998) (misleading collection letters); Avila v Van Ru Credit Corp.,94 C 3234, 1995 WL 683775, 1995 U.S. Dist. LEXIS 461 (N.D. Ill. 1995), aff'd, Avila v. Rubin, supra, 84 F.3d 222; Carr v. Trans Union Corp., C.A. 94-22, 1995 WL 20865, 1995 U.S. Dist. LEXIS 567 (E.D. Pa. 1995) (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers); Colbert v. Trans Union Corp., C.A. 93-6106, 1995 WL 20821, 1995 U.S. Dist. LEXIS 578 (E.D. Pa. 1995) (same); Gammon v. GC Services, L.P., 162 F.R.D. 313 (N.D. Ill. 1995) (similar); Zanni v. Lippold, 119 F.R.D. 32, 35 (C.D. Ill. 1988); West v. Costen, 558 F. Supp. 564,

572-573 (W.D. Va. 1983) (FDCPA class certified regarding alleged failure to provide required "validation" notices and addition of unauthorized fees); Cheqnet Systems, Inc. v. Montgomery, 322 Ark. 742, 911 S.W.2d 956 (1995) (class certified in FDCPA action challenging bad check charges); Brewer v. Friedman, 152 F.R.D. 142 (N.D. Ill. 1993) (FDCPA class certified regarding transmission of misleading collection demands to consumers), earlier opinion, 833 F. Supp. 697 (N.D. Ill. 1993); Duran v. Credit Bureau of Yuma, Inc., 93 F.R.D. 607 (D. Ariz. 1982) (class certified in action complaining of unauthorized charges).

## IV. THE PROPOSED CLASSES MEET THE REQUIREMENTS FOR CERTIFICATION

### A. Rule 23(a)(1) -- Numerosity

Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." "When the class is large, numbers alone are dispositive . . . ." Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D.Ill.1986). Where the class numbers at least 40, joinder is generally considered impracticable. Cypress v. Newport News General & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); Swanson v. American Consumer Industries, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); Riordan, 113 F.R.D. 60 (10-29 sufficient); Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F.R.D. 452, 463 (E.D.Pa. 1968) (25 sufficient); Sala v. National R. Pass. Corp., 120 F.R.D. 494, 497 (E.D.Pa. 1988) (40-50 sufficient); Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (about 70). It is not necessary that the precise number of class members be known. "A class action may proceed upon estimates as to the size of the proposed class." In re Alcoholic Beverages Litigation, 95 F.R.D. 321 (E.D.N.Y. 1982); Lewis v. Gross, 663 F. Supp. 1164, 1169 (E.D.N.Y. 1986).

The court may "make common sense assumptions in order to find support for numerosity." Evans v. United States Pipe & Foundry, 696 F.2d 925, 930 (11th Cir. 1983). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class

6

determination . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 Newberg on Class Actions (3d ed. 1992), §7.22.A.

Here, for the reasons stated in plaintiff's motion (see Motion for Class Certification, ¶ 9), it is reasonable to infer that the number of class members, in both the Hilco/LCP class and the MRS class, exceeds the minimum necessary. Swiggett v. Watson, 441 F. Supp. 254, 256 (D.Del. 1977) (in action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, fact that Department of Motor Vehicles issued printed form for such transfer in and of itself sufficient to show that numerosity requirement was satisfied); Westcott v. Califano, 460 F. Supp. 737, 744 (D.Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of); Carr, 1995 U.S. Dist. LEXIS 567 (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers in which court inferred numerosity from the use of form letters); Colbert, 1995 U.S. Dist. LEXIS 578 (same); Keele, 1996 U.S. Dist. LEXIS 3253.

### B. Rule 23(a)(2) -- Commonality; and Rule 23(b)(3) -- Common Questions of Law or Fact Predominate

Fed.R.Civ.P. 23(a)(2) requires that there be a common question of law or fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members.

These requirements are normally satisfied when there is an essential common factual link between all class members and the defendant for which the law provides a remedy. Halverson v. Convenient Food Mart, Inc., 69 F.R.D. 331 (N.D. Ill. 1974). Where a question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met."

7

Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D.Ill. 1984); Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D.Ill. 1988). The authorities hold that cases dealing with the legality of standardized conduct are generally appropriate for resolution by means of a class action because the document or conduct is the focal point of the analysis. Halverson, 69 F.R.D. 331; Haroco v. American Nat'l Bank, 121 F.R.D. 664, 669 (N.D. Ill. 1988) (improper computation of interest); Kleiner v. First Nat'l Bank, 97 F.R.D. 683 (N.D.Ga. 1983) (same); Heastie, 125 F.R.D. 669 (execution of home improvement financing documents in sequence that evaded consumers' rescission rights). This is true even though the nature and amount of damages may differ among the members of the class. Id.

In this case, the "common nucleus of operative fact," Halverson, 69 F.R.D. at 335, is that MRS sent a confusing and misleading collection letter on behalf of defendants Hilco and LCP. The only issue is whether the letter violates the FDCPA.

The only individual issue is the identification of the consumers who were sent the letter. This is readily obtainable from defendants' files. Questions readily answerable from defendants' files do not present an obstacle to class certification. Heastie v. Community Bank, 125 F.R.D. 669 (N.D.Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank"); Wilkinson v. F.B.I., 99 F.R.D. 148, 157 (C.D.Cal. 1983) ("a need for individual proof of damages would not preclude class certification. 'The amount of damages is invariably an individual question and does not defeat class treatment.'"); Franklin, 102 F.R.D. at, 949 (similar).

### C. Rule 23(a)(3) -- Typicality

The rule requires that the claims of the named plaintiff be typical of the claims of the class:

> **A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may**

8

**control even in the face of differences of fact.**

De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the class definition. By definition, each of the class members has been subjected to the same practice as the named plaintiff.

### D. Rule 23(a)(4) -- Adequacy of Representation

The rule also requires that the named plaintiff provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992); accord, Wetzel v. Liberty Mutual Ins. Co., 508 F.2d 239, 247 (3d Cir. 1975); In re Alcoholic Beverages Litigation, 95 F.R.D. 321.

Plaintiff understands the obligations of a class representative, and has retained experienced counsel, as is indicated by Exhibit D, which sets forth counsel's qualifications.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. Here, both plaintiff and the class members seek money damages as the result of defendants' unlawful collection demands. Given the identity of claims between plaintiff and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named plaintiff and those of the class.

### E. Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of Resolving This Controversy.

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. Eovaldi v. First Nat'l Bank, 57 F.R.D. 545 (N.D. Ill. 1972). The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. Scholes, 143 F.R.D. at 189; Hurwitz v. R.B. Jones Corp., 76 F.R.D. 149 (W.D.Mo. 1977). It is proper for a court, in deciding the "best"

available method, to consider the "... inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." Haynes v. Logan Furniture Mart, Inc., 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case there is no better method available for the adjudication of the claims which might be brought by each individual debtor. The vast majority of debtors are undoubtedly unaware that their rights are being violated. In addition, persons from whom defendant is attempting to collect allegedly delinquent debts are, by definition, unlikely to be able to pay to retain counsel to protect their rights on an individual basis.

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied ....**

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiff to pool claims which would be uneconomical to litigate individually.') The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

Lake v. First Nationwide Bank, 156 F.R.D. 615, 628-629 (E.D.Pa 1994).

Class certification will provide an efficient and appropriate resolution of the controversy. Zanni, 119 F.R.D. 32.

10

## V.  CONCLUSION

The proposed classes meet the requirements of Rules 23(a) and (b)(3).  Plaintiff respectfully requests that this Court certify this action as a class action.

Respectfully submitted,

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

J:\CASE\mrs-scally11.915\PLEADING\CLSMcm.WPD

# SEE CASE FILE FOR EXHIBITS