**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LAURA SCALLY,

    Plaintiff,

v.

HILCO RECEIVABLES, LLC; LAKE
COOK PARTNERS, LLC; AND M.R.S.
ASSOCIATES, INC.,

    Defendants.

No. 04 C 3035
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff asks for an order determining that its Fair Debt Collection Practices Act ("FDCPA") action[1] may proceed as a class action against Defendants Hilco Receivables, LLC ("Hilco"), Lake Cook Partners, LLC ("LCP") and M.R.S. Associates, Inc. ("MRS"). Plaintiff's underlying action complains that MRS, a collection agency, sent a confusing, initial form letter in violation of the FDCPA. She further alleges that MRS sent the letter on behalf of Hilco, LCP and other third parties. Plaintiff seeks to certify two classes; Defendants oppose class certification for both groups.

The first class Plaintiff seeks to certify is the "Hilco/LCP class." That class is defined as:

> all natural persons who satisfy the following criteria:
> a. Hilco and/or LCP owned their alleged credit card debt;
> b. a letter was sent to the person which (i) stated a balance due, (ii) did not state the date as of which the balance was stated, (iii) stated that the debt was accruing interest as provided for in the debtor's agreement with the original credit grantor, (iv) demanded payment of a "contractual obligation," and (v) did not contain the "safe harbor" language specified in *Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944 (7th Cir. 2004).

---

[1] 15 U.S.C. §§ 1692 et seq.

The second class Plaintiff seeks to certify is the "MRS class," which includes "all natural persons" whose "alleged credit card debt was owned by someone other than the Sherman Financial Group or a subsidiary" and meets subsection (b) of the first class. In her Reply Memorandum, Plaintiff clarifies the definition of this class, explaining that it includes "persons whose debt was owned by someone other than Sherman Financial Group or a subsidiary, and not simply those who owed a debt to Hilco and/or Lake Cook."

As a preliminary matter, Defendants take issue with Plaintiff's two class definitions. Defendants claim that the Hilco/LCP class is "nonsensical" because Hilco is not a collector on Plaintiff's account and is therefore outside the scope of the FDCPA. The FDCPA distinguishes between "debt collectors" and "creditors;" the latter are not covered by the Act. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). However, the Act does treat assignees as debt collectors if "the debt sought to be collected was in default when acquired by the assignee." *Id*. (citation omitted). Plaintiff has alleged that Hilco/LCP is a "debt collector" because it purchased Plaintiff's debt after the debt became delinquent. Plaintiff further alleges that Hilco/LCP hired MRS as a debt collector on the delinquent debt it purchased from MBNA, and contends that Hilco/LCP is vicariously liable for the actions of MRS. *See, e.g., Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) (holding that a collection agency employing a collection attorney who violates the FDCPA is liable for the attorney's actions). Plaintiff also bases liability on Hilco/LCP's actions in "indirectly" collecting debts. *See* 15 U.S.C. § 1692(a)(6). Plaintiff argues that by outsourcing the mailing of a collection letter to MRS, Hilco and LCP did not lose their identity or status as debt collectors, which they assumed by attempting to collect on the debt originally in default to MBNA. I find that for the purposes of

class certification, Plaintiff has sufficiently alleged that Hilco/LCP is a "debt collector" within the meaning of the FDCPA. Defendant's motion to deny certification of the Hilco/LCP class because the class definition is fundamentally flawed is denied.

Defendants also challenge the MRS class definition. Plaintiff defines this class to include all of the members of the first class as well as any other individuals who received similar notices from MRS on behalf of other collectors, with the sole exception of Sherman Financial Group.[2] Plaintiff makes no allegations regarding the number or nature of those MRS class members who do not already belong to the Hilco/LCP class. Plaintiff has offered no evidence that MRS sent letters on behalf of any debt collectors other than Hilco/LCP (and Sherman Financial Group); therefore, there is no evidence to substantiate the existence of the members of this second class beyond those who are already members of the Hilco/LCP class. At best, Plaintiff's allegations suggest only a remote possibility that other class members may be discovered. Because Plaintiff's proposed MRS class appears entirely duplicative of her first class, her Motion to Certify the MRS class is denied.[3]

---

[2] Sherman Financial Group (and its subsidiaries) is a defendant in a different class action filed in this district.

[3] For the time being, I will not consider Defendants' other challenges to the class definitions, as that would require consideration of the merits of the case. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-178 (1974). In contesting Plaintiff's Motion for Class Certification, Defendants claim that Plaintiff "bases her claims on a flawed premise for liability." Specifically, Defendants assert that the collection letter sent to Plaintiff does not violate *Chuway* as a matter of law; and therefore, a class definition cannot be premised on an alleged violation of the *Chuway* principle. Whether Defendants' letter violated the *Chuway* decision depends in large part upon whether Defendants were trying to collect only the amount due on the date the collection letter was sent, or were trying to collect the listed balance *and* interest running on the balance or other charges. *Chuway*, 362 F.3d at 949. That issue is not fully addressed by the parties on Plaintiff's Motion for Class Certification and is better raised and resolved on a Motion to Dismiss or Motion for Summary Judgment.

*Rule 23 Requirements for Class Certification*

Under *Fed R. Civ. P. 23(a)*, a party seeking class certification must show that: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of those of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. Failure to satisfy any one of the requirements of Rule 23(a) requires denial of class certification. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). A party seeking class certification must also demonstrate that the proposed class falls into one of the three categories identified in *Fed. R. Civ. P. 23(b)*. Plaintiff contends that the class falls within the scope of Rule 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Fed. R. Civ. P. 23(b)*. Defendants agree that the members of Plaintiff's proposed class satisfy the third, or "typicality," requirement of Rule 23(a), but dispute Plaintiff's ability to satisfy the other three elements. Defendants also challenge Plaintiff's ability to satisfy the 23(b)(3), or "superiority," requirement.

*Numerosity*

In order to certify the Hilco/LCP class, I must find that the class is "so numerous that joinder of all members is impracticable." *F. R. Civ. P. 23(a)(1)*. Generally, classes with more than one hundred plaintiffs satisfy the numerosity requirement. *In re VMS Ltd. P'ship. Sec. Litig.*, No. 90 C 2412, 1992 U.S. Dist. LEXIS 14445, at *4 (N.D. Ill. Sept. 23, 1992). The alternative to class litigation – joinder – "would stretch the facilities and abilities of this Court

4

beyond their elastic limit" in cases involving more than one hundred plaintiffs. *Johnson v. Brelje*, 482 F. Supp. 121, 123 (N.D. Ill. 1979). However, a plaintiff cannot rely on conclusory allegations that joinder is impractical, nor merely speculate as to class size, in order to establish numerosity. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989).

In her initial petition for class certification, Plaintiff made no specific allegation regarding the number of potential class members but suggested that Defendant MRS's use of form letters on behalf of Hilco/LCP permits an inference of numerosity. However, in response to Plaintiff's discovery requests (propounded at the time her motion for class certification was filed), Defendants stated that 13,398 persons satisfy the criteria of the Hilco/LCP class. I find that Plaintiff has met the numerosity requirement for that class.

***Commonality***

Plaintiff's petition for class certification also depends upon her ability to establish "questions of law or fact common to the class." *F. R. Civ. P. 23(a)(2)*. A plaintiff can satisfy this requirement by showing a common nucleus of operative facts that exist between the named plaintiff and the class. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). A common nucleus of operative facts exists when a defendant has "engaged in standardized conduct towards members of the proposed class." *Keele*, 149 F.3d at 594. Defendants' only argument against the commonality of the Hilco/LCP class member's claims is based on their challenge to Hilco's and LCP's status as debt collectors, which I have already discussed. Plaintiff alleges that the "common nucleus of operative fact" is that MRS sent a confusing and misleading collection letter on behalf of Hilco and LCP. That allegation is sufficient to establish commonality.

*Adequacy*

Under Rule 23(a)(4), a plaintiff also bears the burden of establishing the adequacy of class representation. The adequacy of the named Plaintiff in protecting the interests of the class members and the adequacy of Plaintiff's counsel determine the overall adequacy of class representation. *Retired Chicago Police Ass'n. v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). Class representatives must share interest and injury with the class members in order to adequately protect their interests. *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002).

In this case, Defendants do not challenge the competency of counsel; rather, they assert that Plaintiff has failed to establish that her interests in the case will ensure vigorous advocacy on behalf of the class members, and has likewise failed to establish that her interests are not antagonistic to those of the proposed classes. Defendants argue that because the classes are ill-defined, Plaintiff cannot demonstrate who belongs in each class and whether she satisfies the criteria of the Hilco/LCP class definition. However, I have already found the Hilco/LCP class definition to be adequate. Further, Plaintiff's interests in the suit coincide with the general interests of the class, as all seek money damages as a result of Defendants' unlawful collection demands. I am sufficiently convinced that Plaintiff can protect the interests of the other class members.

*Superiority*

Certification under Rule 23(b)(3) requires a plaintiff to demonstrate that "[c]ommon questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for the fair and efficient adjudication of

the controversy.'" *Amchem Prods. v. Windsor*, 521 U.S. 591 (1997) (citing *F. R. Civ. P. 23(b)(3))*. A finding of commonality typically satisfies a finding of predominance; like commonality, predominance is found where there is a common nucleus of operative fact. *Mejdreck v. Lockformer Co.*, 2002 U.S. Dist. LEXIS 14785, at *17-18 (N.D. Ill. Aug. 9, 2002). In this case, because of Defendants' alleged use of standardized documents that employed language in violation of the FDCPA, common questions of law and fact will predominate over questions pertaining to individual members of the class. *See Heastie v. Community Bank of Greater Peoria*, 125 F.R.D. 669, 679 (N.D. Ill. 1989). In considering whether a class action is a superior method for adjudicating claims, I may also consider whether judicial economy, efficiency and consistent judgments would be achieved through class certification. *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 189 (N.D. Ill. 1992). A class action alleging violations of the FDCPA by use of a standardized form sent to thousands of individuals "promotes judicial economy." *Avila v. Van Ru Credit Corp.*, 1995 U.S. Dist. LEXIS 461, at *17 (N.D. Ill. Jan. 10, 1995), *aff'd Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996).

Defendants contend that the class action is not a superior method of resolving controversies when the proposed class comprises approximately 14,000 individuals and Defendant MRS's net worth is approximately $1.2 million. Defendants calculate that if liability were found, individual class members would potentially recover less than one dollar after the 1% net worth calculation. *See* 15 U.S.C. § 1692k(a)(2)(B). Defendants also suggest that the cost to mail notices, including postage, would be approximately $32,000, a higher cost than the potential actual recovery by the class members.

The possibility of a *de minimus* recovery does not automatically bar the certification of a class. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997).

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.
> True, the FDCPA allows for individual recoveries of up to $1000. But this assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case. These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives.

*Id.*[4] In this case, I am not persuaded that the possibility of a *de minimus* recovery for the members of the proposed classes defeats the otherwise superior characteristics of the class action suit for pursuing the alleged FDCPA violations. *See Avila*, 1995 U.S. Dist. LEXIS at *19-20.

Moreover, there are means for protecting the interests of potential plaintiffs dissatisfied with the reduced recovery the class action might entail. *See id.* at *19 (requiring that class members be notified of alternative measures of damages); *see also Sarafin v. Sears, Roebuck & Co.*, 73 F.R.D. 585, 588 (N.D. Ill. 1977) ("notice must clearly inform the potential class member that he may have a right of recovery against [the defendant], that he may pursue his rights separately from the class, but that if he joins the class his prospects for recovery will be drastically reduced"). Additionally, the fact that the estimated cost of notice would be more than the maximum recovery to the class does not in and of itself defeat superiority. Countervailing

---

[4]The potential recovery in the proposed class action in *Mace* would have been 28 cents per party for the proposed nationwide class, and $12 per party for the proposed state class. *Id.*

8

costs would arise should I not allow this suit to proceed as a class action, including the possibility that class members would be unaware of the potential violation of the rights to which they are entitled under the FDCPA, and the unwillingness of some plaintiffs to bear the burden of pursuing litigation on their own. *See, e.g., Reed v. Chartwell Fin. Servs.*, 2000 U.S. Dist. LEXIS 22566, at *10 ("[c]lass actions are particularly appropriate in consumer protection cases where . . . there is a large number of small or medium-sized claims") (citation omitted).

In sum, I find that Plaintiff has satisfied the requirement of both Rule 23(a) and Rule 23(b)(3) with respect to the Hilco/LCP class. Plaintiff is entitled to class certification for that class, but is not entitled to class certification for the MRS class.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 30, 2005