**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LAURA SCALLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 04 C 3035 |
| v. | ) | Judge Zagel |
| | ) | Magistrate Judge Ashman |
| M.R.S. ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS
ACTION SETTLEMENT, AWARD TO PLAINTIFF, AND
AWARD OF ATTORNEY'S FEES TO CLASS COUNSEL**

On March 6, 2008, this Court entered an order preliminarily approving a class action settlement reached between plaintiff Laura Scally and defendant M.R.S. Associates, Inc. (Exhibit 1.) This matter is set for a hearing on the fairness, adequacy and final approval of the settlement on June 24, 2008 at 11:00 a.m. Plaintiff now respectfully submits the following memorandum in support of final approval.

**I.    BENEFITS TO THE CLASS**

*A.    Notice of the settlement*

On or about March 20, 2008, notice of the settlement was mailed to 6,297 class members. (Exhibit 2.) According to the administrator, the U.S. Postal Service returned 1,278 of these as being "undeliverable." A total of 25 notices of the 6,297 sent to class members were re-mailed to a forwarding address.

No class members requested exclusion from, or objected to, the settlement. 418 class members submitted a valid claim form by the May 22, 2008 deadline. As of June 10, 2008, five late claims were submitted; neither plaintiff nor defendant object to their acceptance. (Exhibit 3.)

1

B.     *Value of the settlement*

The settlement agreement provides a recovery of $12,000 to class members, to be split *pro rata* among claimants. This recovery represents the maximum award the class could have received at trial, as the net worth of M.R.S. Associates was approximately $1.2 million and liability is limited to one percent of the company's net worth. 15 U.S.C. §1692k(a)(2)(B). Given the 423 claim forms submitted (if late claim forms are accepted), then each claimant would receive approximately $28.36.[1] In addition, plaintiff would receive $1,000 for her services to the class, and plaintiff's counsel would receive $23,000 — a significant discount on the actual time and expense incurred. For reasons given below, these awards are fair and reasonable.

## II.     STATEMENT OF THE CASE

Plaintiff brought this action on April 28, 2004, claiming that defendant M.R.S. Associates, as well as defendants Hilco Receivables, LLC and Lake Cook Partners, LLC,[2] violated the Fair Debt Collection Practices Act ("FDCPA") by making false, misleading and confusing statements regarding the accrual of interest on the alleged debt, and by failing to coherently and accurately state the amount of the debt, in violation of 15 U.S.C. §§1692e and 1692g. This Court certified a class on March 30, 2005. (Docket No. 37.)

Over the course of this litigation, both parties took discovery, and briefed several motions. While one motion — plaintiff's motion for summary judgment — was pending, the parties entered into settlement negotiations and agreed to settle this matter on a class-wide basis.

---

[1] If late claims are not accepted, then the 418 class members who submitted a claim would receive approximately $28.70. Thus, the difference between including and excluding late claims is negligible.

[2] This Court entered summary judgment in favor of Hilco and Lake Cook on June 23, 2005. *Scally v. Hilco Receivables, LLC*, 392 F.Supp.2d 1036 (N.D.Ill. 2005).

**III.     THE RELIEF IS APPROPRIATE**

     *A.     Award to plaintiff and her attorneys*

Under *In re Continental Illinois Securities Litigation*, 962 F.2d 566, 571-572 (7th Cir. 1992), a Court may award to a named plaintiff "such compensation as may be necessary to induce him to participate in the suit." Plaintiff seeks an award of $1,000 for her services as class representative. This award is justified because of the result, which compares favorably to the class's potential recovery if the class had prevailed on the merits, and given the efforts plaintiff put into the case — including travelling from Arlington, Texas to Chicago for her deposition.

Plaintiff's counsel seek the award of $23,000 in attorney's fees and costs. The justification for this award is discussed in further detail in Part V, *infra*.

     *B.     Award to class members*

The award of $12,000 to the class represents the maximum award the class could have recovered in this action, without an appeal by plaintiff of the Court's entry of summary judgment for Hilco Receivables and Lake Cook Partners, securing a reversal, and prevailing upon remand. Under 15 U.S.C. §1692k(a)(2)(B), a class can receive either $500,000 or one percent of the net worth of a liable collector, whichever is less. Given the net worth of M.R.S. Associates — approximately $1,200,000 — the one-percent cap is approximately $12,000. As such, the result for the class from this settlement is fair, reasonable and adequate.

     *C.     No class member objected or requested exclusion*

Of the class members who received notice, there were no objections or requests for exclusion. This should be viewed as an endorsement of the settlement by the class.

**IV.     FINAL APPROVAL OF THE SETTLEMENT IS WARRANTED**

This Court should find that the parties' settlement represents a fair, reasonable and adequate compromise of this action, pursuant to Fed.R.Civ.P. 23(e)(1)(C).

*Amchem Products v. Windsor*, 521 U.S. 591, 621 (1997) held that, before approving a

class action settlement, a Court must first be satisfied that the elements of Fed.R.Civ.P. 23(a) and 23(b) have been met, and then determine whether Fed.R.Civ.P. 23(e) has been satisfied by determining whether the settlement is fair, reasonable, and adequate. Under *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997), the following six factors should be considered:

1. the strength of the plaintiff's case on the merits measured against the terms of the settlement;

2. the complexity, length, and expense of continued litigation;

3. the amount of opposition to the settlement among class members;

4. the presence of collusion in gaining a settlement;

5. the stage of the proceedings; and

6. the amount of discovery completed.

    A.    *The requirements for class certification have been met*

This Court should reaffirm its finding that the requirements of Fed.R.Civ.P. 23(a) and 23(b)(3) have been met. Stated briefly,

- a class of 6,297 satisfies Fed.R.Civ.P. 23(a)(1), in that Courts have found that much smaller numbers of persons may make joinder impractical (see *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D.Ill. 1986), *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 183-184 (N.D. Ill. 1992));

- in accordance with Fed.R.Civ.P. 23(a)(2), 23(a)(3) and 23(b)(3), the claims of each class member are common to those with other class members, are typical of the claims brought by plaintiff, and predominate over any individual concerns, in that class members' claims are based on the same factual circumstances (the receipt of a form collection letter from M.R.S. Associates) and legal theories (the claim that these letters violate the FDCPA);

- plaintiff sought and obtained favorable relief for the class through her efforts and the efforts of her counsel, thereby demonstrating the necessary competence to pursue this matter for the class and the absence of conflicting interests, pursuant to Fed.R.Civ.P. 23(a)(4); and

- the resolution of 6,297 identical claims in a single proceeding is greatly superior to the resolution of those same claims individually, in accordance

with Fed.R.Civ.P. 23(b)(3).

B.      *The* GE Capital *standards have been satisfied*

The strength of plaintiff's claims rest on class counsel's belief that plaintiff has a good chance of prevailing if this case proceeds to judgment, demonstrated by her motion for summary judgment. Defendant disputed these claims, and believes that it can defendant against them. However, there are risks for both sides associated with further litigation. In order to avoid the uncertainly presented by litigation, the parties agreed to settle the matter.

The arguable strength of the class's claims compare favorably to the terms of the settlement, satisfying the first *GE Capital* factor. The award of $12,000 to the class is not only a good result, but the maximum result the class could have received from the lone defendant remaining in the case.[3]

In addition, the settlement is warranted by the complexity, length and expense of continued litigation — including the briefing of summary judgment motions, as well as a potential trial and any appeals. This satisfies the second *GE Capital* factor.

The settlement easily satisfies the third *GE Capital* factor because no class member, of the thousands who received notice, either excluded himself from or objected to the settlement.

As evidence of the lack of any collusion, the above-described payment amounts to plaintiff ($1,000), and class counsel ($23,000) compare favorably to the direct benefits to the class ($12,000, the maximum possible), thereby satisfying the fourth *GE Capital* factor.

Finally, the fifth and sixth *GE Capital* factors also support the final approval of this settlement in light of the stage of pre-trial proceedings and the discovery completed to date. This action was filed on April 28, 2004. Written and oral discovery was taken, including the

---

[3] If plaintiff were to appeal the ruling of the Court dismissing the claims of Hilco Receivable and Lake Cook Partners, the maximum award that the class could recover would naturally increase. However, settlement for an amount equal to the maximum award the class could have received at trial from M.R.S. Associates is fair and reasonable.

deposition of representatives of all parties. The parties also briefed a motion for class certification and a motion for summary judgment; a second motion for summary judgment was brought by plaintiff, but not briefed further. The parties negotiated over settlement, before successfully reaching an agreement. Given the stage of proceedings, the investigation into plaintiff's claims, and the discovery completed, the proposed settlement satisfies the fifth and sixth *GE Capital* factors.

In summary, the result to the class is comparable to a successful result at trial, and was objectionable to no class member. The relief given to the class is adequate under all the circumstances. Therefore, this Court should finally approve the settlement.

**V. APPROVAL OF THE REQUEST FOR ATTORNEY'S FEES IS WARRANTED**

Plaintiff's counsel include experienced class action attorneys, all of whom contributed their skills in a coordinated effort that resulted in the prosecution, and subsequent settlement, of this matter. (Exhibit 4.) The experience of counsel and the efforts they made in this specific case led to a favorable result for the class. Pursuant to the agreement preliminarily approved by this Court, class counsel now seeks approval of payment of attorney's fees in the amount of $23,000.

The Seventh Circuit has specifically authorized District Courts to award attorney's fees using either the lodestar method or the percentage of fund method. *Cook v. Niedert*, 142 F.3d 1004, 1010 (7th Cir. 1998); *In re Synthroid Marketing Litig.*, 264 F.3d 712 (7th Cir. 2001). When deciding on appropriate attorney compensation in a common-fund case, a court must endeavor to award "the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time."*In re Synthroid Marketing Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). *In re Synthroid* explained that determination of the market rate for the legal fees should be based in part on the following factors:

> The market rate for legal fees depends in part on the risk of nonpayment a firm agrees to bear, in part on the quality of its performance, in part on the amount of work necessary to resolve the litigation, and in part on the stakes of the case. [*In*

*re Synthroid*, 264 F.3d at 721.]

Plaintiff's counsel took this case on a contingent fee basis, and thus was faced with a significant risk of non-payment. Furthermore, the amount of attorney's fees and costs actually incurred in this matter were $92,697.75 and $7,231.90, respectively. The calculation of plaintiff's lodestar is based upon hourly rates that are reasonable given the experience of counsel, and are in line with hourly rates charged in the Chicago metropolitan area. (Exhibit 4.)

In light of the result, which represents the best outcome that the class could have received at trial, and the time and expense actually put into the case, the award of $23,000 to plaintiff's counsel is fair and appropriate. Class counsel's request should be approved.

## VI. CLASS ACTION FAIRNESS ACT COMPLIANCE

This action was filed on April 28, 2004 — before the effective date of notification requirements imposed by the Class Action Fairness Act, 28 U.S.C. §1715. Hence, no notification under CAFA needed to be provided to state and federal authorities.

## VII. CONCLUSION

In light of the foregoing, the settlement between plaintiff and defendant should now be finally approved. Plaintiff respectfully requests entry of an order in the form of Exhibit 5, which has also been provided to the Court electronically.

Respectfully submitted,

/s/ Thomas E. Soule
Thomas E. Soule

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

7

**CERTIFICATE OF SERVICE**

  I, Thomas E. Soule, hereby certify that the preceding was filed with the Court electronically, and served upon David Schultz (dschultz@hinshawlaw.com) and Carlos Ortiz (cortiz@hinshawlaw.com) by operation of the Court's electronic filing system, on June 17, 2008.

                /s/ Thomas E. Soule
                Thomas E. Soule